**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>and<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br>725 17th Street NW<br>Washington, DC 20503<br><br>*Defendants.* | Case No. 17-827 |

## COMPLAINT

1.     Plaintiff American Oversight brings this action against the U.S. Department of
Health and Human Services and the Office of Management and Budget under the Freedom of
Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201
and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements
of FOIA.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)
and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendant the Office of Management and Budget has denied American Oversight's request for expedited processing, American Oversight is now entitled to judicial review of that claim under 5 U.S.C. § 552(a)(6)(A)(ii).

5.      Because Defendants have failed to comply with other applicable time-limit provisions of the FOIA, American Oversight is deemed to have constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

6.      Plaintiff American Oversight is a nonpartisan organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia, and its application for section 501(c)(3) status is pending with the Internal Revenue Service.

7.      Defendant the U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of the records that American Oversight seeks.

8.     Defendant the Office of Management and Budget (OMB) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. OMB has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

9.      On Monday, March 6, 2017, Republicans in the House of Representatives introduced a set of two bills collectively known as the Affordable Health Care Act (AHCA) that constituted a proposal to repeal and replace the Affordable Care Act (ACA).

10.     In mid-March 2017, American Oversight submitted two identical FOIA requests to HHS and OMB seeking communications between each agency, respectively, and Congress related to health care reform.

*The FOIA Requests*

11.     The HHS FOIA request was sent on March 15, 2017, and sought access to the following records:

> (1) All communications, meeting notices, meeting agendas, informational material, draft legislation, talking points, or other materials exchanged between HHS and any members of Congress or congressional staff relating to health care reform.

> (2) All calendar entries for the Secretary, any political or SES appointees in the Secretary's office, and the Acting Assistant Secretary for Legislation, or anyone maintaining calendars on behalf of these individuals, relating to health care reform. For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments.

The request sought records from January 20, 2017, to the date of the search. A copy of the HHS FOIA is attached hereto as Exhibit A and incorporated herein.

12.     The OMB FOIA request was sent on March 21, 2017,[1] and sought access to the

following records:

> (1) All communications, meeting notices, meeting agendas, informational material, draft legislation, talking points, or other materials exchanged between OMB and any members of Congress or congressional staff relating to health care reform.

> (2) All calendar entries for the Director, any political or SES appointees in the Director's office, and the Acting Head of Legislative Affairs, or anyone maintaining calendars on behalf of these individuals, relating to health care reform. For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments.

The request sought records from January 20, 2017, to the date of the search. A copy of the OMB

FOIA request is attached hereto as Exhibit B and incorporated herein.

*Entitlement to Expedited Processing*

13.     American Oversight sought expedited processing of both the HHS and OMB

FOIA requests pursuant to 5 U.S.C. § 552(a)(6)(E)(v)(II), as well as 45 C.F.R. § 5.27(b)(2) and

5 C.F.R. § 1303.10(d)(1)(ii), respectively.

14.     American Oversight's HHS and OMB FOIA requests are "made by a person

primarily engaged in disseminating information," and there is an "urgency to inform the public

concerning actual or alleged Federal Government activity." 5 U.S.C. § (a)(6)(E)(v)(II); *see also*

45 C.F.R. § 5.27(b)(2); 5 C.F.R. § 1303.10(d)(1)(ii).

15.     There is an urgent need to inform the public about the federal government activity

that is the subject of American Oversight's HHS and OMB FOIA requests.

---

[1] The OMB FOIA request is dated March 15, 2017, but it was not actually submitted to the agency by facsimile until March 21, 2017.

16.     House Republicans are actively working to agree on a health care reform bill, and have made clear that they will hold a vote on a proposal to repeal and replace the ACA as soon as they do. The information sought in American Oversight's FOIA requests could meaningfully further public understanding about the deliberations and negotiations underlying a major piece of legislation.

17.     American Oversight is primarily engaged in disseminating information to the public.

18.     American Oversight's mission is to promote transparency in government, to educate the public about government activities, and to ensure the accountability of government officials. American Oversight uses the information it gathers, and its analysis of it, to educate the public through reports, press releases, and other media. American Oversight also makes materials it gathers available on its website.

19.     American Oversight also sought expedited processing of the OMB FOIA request under 5 U.S.C. § 552(a)(6)(E)(i) and 5 C.F.R. § 1303.10(d)(1)(iv).

20.     American Oversight's OMB FOIA request relates to "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which [a]ffect public confidence." 5 C.F.R. § 1303.10(d)(1)(iv).

21.     American Oversight's OMB FOIA request involves matters of widespread and exceptional media interest.

22.     There has been widespread media coverage of efforts by the Trump administration and House Republicans to repeal and replace the ACA, as well as the involvement by OMB Director Mick Mulvaney in those efforts, including, as examples, the seven media articles cited in American Oversight's OMB FOIA request.

23.     The subject of American Oversight's OMB FOIA request also raises questions about the government's integrity that affect public confidence.

24.     An examination of the internal communications regarding an issue of such pressing national concern as health care reform could well raise questions about the government's integrity that affect public confidence if those internal communications do not match the substance of the public rhetoric about the legislative reform efforts.

*HHS Response*

25.     On April 5, 2017, American Oversight received an acknowledgement letter from HHS assigning the FOIA request tracking number 2017-00516-FOIA-OS and stating that a search for responsive documents had been initiated.

26.     The April 5, 2017 acknowledgment letter stated that a decision on expedited processing had not yet been reached.

27.     On or about April 6, 2017, an attorney for American Oversight had a phone call with a woman who identified herself as Natasha Taylor at HHS during which Ms. Taylor provided some information about how HHS was interpreting part (1) of the FOIA request. Ms. Taylor stated that HHS had interpreted it as being related to part (2) and had therefore sent it to the Immediate Office of the Secretary and the Assistant Secretary for Legislation. Ms. Taylor agreed that the search would encompass all political appointees and SES staff in those offices. She further agreed that if the initial search demonstrated that individuals from other offices were likely to have responsive records, then the files of those individuals would be searched as well.

28.     American Oversight has not received any further communication from HHS about its request.

*OMB Response*

29.     On April 4, 2017, OMB sent American Oversight a letter stating that American Oversight's request for expedited processing had been denied. OMB stated only that the request "[did] not contain enough evidence to support" expedition under 5 C.F.R. § 1303.10(d)(1)(ii), and made no mention of American Oversight's request for expedition under 5 C.F.R. § 1303.10(d)(1)(iv). A copy of OMB's response is attached hereto as Exhibit C and incorporated herein.

30.     On April 24, 2017, an attorney for American Oversight had a phone call with an individual at OMB, who stated that OMB had assigned the FOIA request tracking number 17-127.

31.     American Oversight has not received any further communication from OMB about its request.

*Exhaustion of Administrative Remedies*

32.     Neither HHS nor OMB has responded to American Oversight's FOIA requests described in paragraphs 11 and 12 above, notwithstanding the obligation of the agencies under FOIA to respond within twenty working days.

33.     Through HHS's failure to make a determination as to American Oversight's request for expedition or to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies as to HHS and seeks immediate judicial review.

34.     Through OMB's denial of American Oversight's request for expedition, American Oversight has exhausted its administrative remedies as to that issue and seeks immediate judicial review.

35.     Through OMB's failure to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies as to that issue and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Expedited Processing of HHS FOIA Request**

36.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

37.     American Oversight properly requested records within the possession, custody, and control of HHS on an expedited basis.

38.     HHS is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 45 C.F.R. § 5.27(b).

39.     American Oversight is primarily engaged in disseminating information to the public, and there is an urgent need to inform the public about the federal government activity that is the subject of American Oversight's HHS FOIA request, such that expedited processing is appropriate under 5 U.S.C. § 552(a)(6)(E)(v)(II) and 45 C.F.R. § 5.27(b)(2).

40.     HHS failed to determine whether expedited processing was appropriate and notify American Oversight of any such determination within ten days after the date of the HHS FOIA request.

41.     HHS's failure to grant expedited processing violates FOIA and HHS regulations.

42.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring HHS to grant expedited processing of American Oversight's HHS FOIA request.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Expedited Processing of OMB FOIA Request**

43.    American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

44.    American Oversight properly requested records within the possession, custody, and control of OMB on an expedited basis.

45.    OMB is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 5 C.F.R. § 1303.10(d).

46.    The records sought by American Oversight's OMB FOIA request relate to a matter of widespread and exceptional media interest in which there exist possible questions concerning the government's integrity that affect public confidence, such that expedited processing is also appropriate under 5 C.F.R. § 1303.10(d)(1)(iv).

47.    OMB failed to determine whether expedited processing was appropriate under 5 C.F.R. § 1303.10(d)(1)(iv) and notify American Oversight of any such determination within ten days after the date of the OMB FOIA request.

48.    OMB's failure to grant expedited processing under 5 C.F.R. § 1303.10(d)(1)(iv) violates FOIA and OMB regulations.

49.    Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring OMB to grant expedited processing of American Oversight's OMB FOIA request.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Expedited Processing of OMB FOIA Request

50.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

51.     American Oversight properly requested records within the possession, custody, and control of OMB on an expedited basis.

52.     OMB is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 5 C.F.R. § 1303.10(d).

53.     American Oversight is primarily engaged in disseminating information to the public, and there is an urgent need to inform the public about the federal government activity that is the subject of American Oversight's OMB FOIA request, such that expedited processing is appropriate under 5 U.S.C. § 552(a)(6)(E)(v)(II) and 5 C.F.R. § 1303.10(d)(1)(ii).

54.     OMB wrongfully denied expedited processing of American Oversight's request.

55.     OMB's failure to grant expedited processing under 5 C.F.R. § 1303.10(d)(1)(ii) violated FOIA and OMB regulations.

56.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring OMB to grant expedited processing of American Oversight's OMB FOIA request.

## COUNT IV
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

57.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

58.     American Oversight properly requested records within the possession, custody, and control of the Defendants.

59.     Defendants are agencies subject to FOIA and must therefore make reasonable efforts to search for requested records.

60.     Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

61.     Defendants' failure to conduct an adequate search for responsive records violates FOIA.

62.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT V**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Records**

63.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

64.     American Oversight properly requested records within the possession, custody, and control of the Defendants.

65.     Defendants are agencies subject to FOIA and must therefore release in response to a FOIA request any disclosable records and provide a lawful reason for withholding any materials.

66.     Defendants are wrongfully withholding agency records requested by American Oversight by failing to produce records responsive to its FOIA requests.

67.     Defendants' failure to provide all responsive records violates FOIA.

68.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**<u>REQUESTED RELIEF</u>**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to expedite the processing of American Oversight's FOIA requests submitted to HHS on March 15, 2017, and to OMB on March 21, 2017;

(2) Order Defendants to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests submitted to HHS on March 15, 2017, and to OMB on March 21, 2017;

(3) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(5) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.


Dated: May 4, 2017                                        Respectfully submitted,

                                                          */s/ Sara Kaiser Creighton*
                                                          Sara Kaiser Creighton

D.C. Bar No. 1002367
John E. Bies
D.C. Bar No. 483730
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
sara.creighton@americanoversight.org
john.bies@americanoversight.org
*Counsel for Plaintiff*