**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMERICAN OVERSIGHT, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-00827 (EGS) |
| | ) | |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**MOTION FOR LEAVE TO INTERVENE
OF THE COMMITTEE ON WAYS AND MEANS OF THE
U.S. HOUSE OF REPRESENTATIVES**

The Committee on Ways & Means of the U.S. House of Representatives moves the Court for leave to intervene in this case pursuant to Rule 24 of the Federal Rules of Civil Procedure and Local Civil Rule 7(j) of the U.S. District Court for the District of Columbia. The Committee seeks intervention as of right pursuant to Rule 24(a)(2), or in the alternative, permissive intervention under Rule 24(b)(1)(B), in order to assert the defense set forth in the Committee's Answer, filed with this Motion, and to participate fully in this action.

Respectfully submitted,

*/s/ Thomas G. Hungar*
Thomas G. Hungar,
    *General Counsel* (DC Bar #447783)
Eleni M. Roumel,
    *Assistant General Counsel*
Kristin A. Shapiro,
    *Assistant General Counsel* (DC Bar # 1007010)

OFFICE OF GENERAL COUNSEL[*]
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
Telephone: (202) 225-9700
Thomas.Hungar@mail.house.gov

*Counsel for the Committee on Ways and Means
 of the U.S. House of Representatives*

September 15, 2017

---

[*] Attorneys in the U.S. House of Representatives Office of General Counsel are "entitled, for the purpose of performing the counsel's functions, to enter an appearance in any proceeding before any court of the United States or of any State or political subdivision thereof without compliance with any requirements for admission to practice before such court."  2 U.S.C. § 5571(a).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,                ) | |
|                ) | |
|       *Plaintiff,*     ) | |
|                ) | |
|       v.             ) | Case No. 17-cv-00827 (EGS) |

AMERICAN OVERSIGHT,

      *Plaintiff,*

      v.                                  Case No. 17-cv-00827 (EGS)

U.S. DEPARTMENT OF HEALTH AND HUMAN
SERVICES, et al.,

      *Defendants.*

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE**
**OF THE COMMITTEE ON WAYS AND MEANS OF THE**
**U.S. HOUSE OF REPRESENTATIVES**

Thomas G. Hungar,
    *General Counsel* (DC Bar #447783)
Eleni M. Roumel,
    *Assistant General Counsel*
Kristin A. Shapiro,
    *Assistant General Counsel* (DC Bar # 1007010)

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
Telephone: (202) 225-9700
Thomas.Hungar@mail.house.gov

*Counsel for the Committee on Ways and Means*
 *of the U.S. House of Representatives*

September 15, 2017

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION .............................................................................................................. 1

FACTS .............................................................................................................................. 2

ARGUMENT ..................................................................................................................... 5

I.     THE COMMITTEE IS ENTITLED TO INTERVENTION
      AS OF RIGHT .................................................................................................... 5

     A.    The Committee Has Article III Standing
          to Protect its Congressional Records ........................................................ 7

          1.    Injury in Fact .................................................................................. 7

          2.    Causation ........................................................................................ 8

          3.    Redressability ................................................................................. 9

     B.    The Committee's Motion is Timely .......................................................... 9

     C.    The Committee Claims an Interest Relating To
          the Subject Matter of this Action ............................................................ 10

     D.    This Action Threatens to Impair
          the Committee's Interests ........................................................................ 11

     E.    Defendants Do Not Adequately Represent
          the Committee's Interests ........................................................................ 12

II.    THE COURT SHOULD GRANT PERMISSIVE
      INTERVENTION ............................................................................................ 13

CONCLUSION ................................................................................................................ 14

# TABLE OF AUTHORITIES

## Cases

*100Reporters LLC v. U.S. Dep't of Justice*,
    307 F.R.D. 269 (D.D.C. 2014).................................................................11, 12

*Amadour Cty. v. U.S. Dep't of the Interior*,
    772 F.3d 901 (D.C. Cir. 2014)..............................................................10

\* *Am. Civil Liberties Union v. CIA*,
    823 F.3d 655 (D.C. Cir. 2016).....................................................1, 3, 7, 9, 10

*Appleton v. FDA*,
    310 F. Supp. 2d 194 (D.D.C. 2004)...............................................8, 9, 11, 12

*Cause of Action Inst. v. Nat'l. Archives & Records Admin.*,
    753 F.3d 210 (D.C. Cir. 2014).............................................................1, 4

*\*Crossroads Grassroots Policy Strategies v. FEC*,
    788 F.3d 312 (D.C. Cir. 2015)...........................................................6, 12, 13

*Deutsche Bank Nat'l Trust Co. v. FDIC*,
    717 F.3d 189 (D.C. Cir. 2013).............................................................6

\* *Fund for Animals, Inc. v. Norton*,
    322 F.3d 728 (D.C. Cir. 2003).....................................................6, 7, 8, 12-13

\* *Goland v. CIA*,
    607 F.2d 339 (D.C. Cir. 1979)...........................................................1, 4, 5, 7

*Hodgson v. United Mine Workers of Am.*,
    473 F.2d 118 (D.C. Cir. 1972)..............................................................5

*Holy Spirit Ass'n v. CIA*,
    636 F.3d 838 (D.C. Cir. 1980)..............................................................1

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)........................................................................7, 8

*Nat'l Res. Def. Council v. Costle*,
    561 F.2d 904 (D.C. Cir. 1977)..............................................................11

\* *Paisley v. CIA*,
    724 F.2d 201 (D.C. Cir. 1984)......................................................1, 6, 7, 9, 10

*Roane v. Leonhart*,
    741 F.3d 147 (D.C. Cir. 2014)....................................................5-6, 12, 13

*Simon v. E. Ky. Welfare Rights Org.*,
        426 U.S. 26 (1976)................................................................................8

*Smith v. U.S. Cong.*,
        No. 95-5281, 1996 WL 523800 (D.C. Cir. Aug. 28, 1996)................................4

*Swan v. SEC*,
        96 F.3d 498 (D.C. Cir. 1996).................................................................12

*Trbovich v. United Mine Workers of Am.*,
        404 U.S. 528 (1972).............................................................................12

*United States v. Am. Tel. & Tel. Co.*,
        642 F.2d 1285 (D.C. Cir. 1980)...................................................9, 10, 13

*United States v. British Am. Tobacco Austl. Servs., Ltd.*,
        437 F.3d 1235 (D.C. Cir. 2006)................................................................9

\*   *United We Stand Am., Inc. v. IRS*,
        359 F.3d 595 (D.C. Cir. 2004).......................................................1, 3, 4, 7, 9

*Wilderness Soc'y v. Norton*,
        434 F.3d 584 (D.C. Cir. 2006)..................................................................9

## Statutes and Federal Rules

5 U.S.C. §§ 551(1)(A)..................................................................................1

Fed. R. Civ. P. 24(a)(2)...........................................................................5, 6

Fed. R. Civ. P. 24(b)(1)(B) .....................................................................13, 14

Fed. R. Civ. P. 24(b)(3)..............................................................................14

## Other Authorities

Rule II.8(b), Rules of the U.S. House of Representatives (115th Cong.)........................2

Blog Post, American Oversight,
        Third Set of Health Care Emails Again Shows Trump
        Administration Effort to Hide Negotiations
        ("American Oversight Blog") (Sept. 7, 2017) ..................................................4

**INTRODUCTION**

Since the enactment of the Freedom of Information Act ("FOIA"), it has been well-established that congressional records are not "agency records" and therefore are not subject to FOIA. 5 U.S.C. §§ 551(1)(A), *see also Cause of Action Inst. v. Nat'l. Archives & Records Admin.*, 753 F.3d 210, 212 (D.C. Cir. 2014) (citing *United We Stand Am., Inc. v. IRS*, 359 F.3d 595, 597 (D.C. Cir. 2004)).   Over the past four decades, D.C. Circuit jurisprudence has repeatedly and consistently confirmed that whenever Congress manifests its clear intent to control the records at issue, such documents are not agency records – even when in the possession of an agency – and accordingly are not subject to FOIA.  *See, e.g.*, *Am. Civil Liberties Union v. CIA*, 823 F.3d 655, 662-63 (D.C. Cir. 2016); *United We Stand*, 359 F.3d at 597; *Paisley v. CIA*, 724 F.2d 201, 204 (D.C. Cir. 1984); *Holy Spirit Ass'n v. CIA*, 636 F.2d 838, 841-42 (D.C. Cir. 1980), *vacated in part as moot*, 455 U.S. 997 (1982); *Goland v. CIA*, 607 F.2d 339, 344-48 (D.C. Cir. 1979).

The Committee on Ways and Means of the U.S. House of Representatives ("Committee") understands that on September 5, 2017, defendants the U.S. Department of Health and Human Services ("HHS") and the Office of Management and Budget ("OMB") (collectively, "defendants") made their third and final production of documents to plaintiff American Oversight in this FOIA action, pursuant to this Court's May 25, 2017 Minute Order.  The Committee has learned that the September 5 production includes unredacted portions of four of the Committee's confidential congressional records, which are not subject to FOIA and should not have been disclosed even in part.  Those confidential congressional records bear a legend from the Committee, affixed and sent contemporaneously with the correspondence, expressing the Committee's clear intent to control the correspondence and responses thereto as congressional

records.   The Committee moves to intervene in this litigation in order to prevent any further

improper production and disclosure of congressional records pursuant to FOIA.[1]

Consistent with Local Civil Rule 7(m), the Committee's counsel consulted with counsel

for the parties prior to filing this motion.  Plaintiff's and defendants' counsel indicated that they

could not determine their response until they reviewed the Committee's motion.

## FACTS

As alleged in the complaint, this litigation arises out of two FOIA requests submitted by

plaintiff to the defendants in March 2017.  First, on March 15, 2017, American Oversight

submitted a request to HHS seeking, from January 20, 2017, to the date of the search:

> (1) All communications, meeting notices, meeting agendas, informational material,
> draft legislation, talking points, or other materials exchanged between HHS and any
> members of Congress or congressional staff relating to health care reform.
>
> (2) All calendar entries for the Secretary, any political or SES appointees in the
> Secretary's office, and the Acting Assistant Secretary for Legislation, or anyone
> maintaining calendars on behalf of these individuals, relating to health care reform.
> For calendar entries created in Outlook or similar programs, the documents should
> be produced in "memo" form to include all invitees, any notes, and all attachments.

Compl. Ex. A at 2 (ECF No. 1-1).  Second, plaintiff submitted a substantially similar request to

OMB seeking, from January 20, 2017, to the date of the search:

> (1) All communications, meeting notices, meeting agendas, informational material,
> draft legislation, talking points, or other materials exchanged between OMB and
> any members of Congress or congressional staff relating to health care reform.
>
> (2) All calendar entries for the Director, any political or SES appointees in the
> Director's office, and the Acting Head of Legislative Affairs, or anyone

---

[1] The Bipartisan Legal Advisory Group ("BLAG"), which consists of the Speaker, the Majority
Leader, the Majority Whip, the Democratic Leader, and the Democratic Whip, voted unanimously
to authorize this intervention by the Committee to protect the institutional interests of the
House.  The BLAG "speaks for, and articulates the institutional position of, the House in all
litigation matters."  Rule II.8(b), Rules of the U.S. House of Representatives (115th Cong.).

> maintaining calendars on behalf of these individuals, relating to health care reform. For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments.

Compl. Ex. B at 2 (ECF No. 1-2).

Plaintiff sought expedited processing of its FOIA request, and on May 4, 2017, filed the present action.  Plaintiff's complaint alleges that defendants (1) improperly denied expedited processing, Compl. at ¶¶ 36-56 (ECF. No. 1), (2) failed to conduct a suitable search for records responsive to the FOIA requests, Compl. at ¶¶ 57-62, and (3) improperly withheld non-exempt records, Compl. at ¶¶ 63-68.  Plaintiff requests that this Court order defendants to expedite processing of the FOIA requests, conduct an adequate search for responsive records, and produce all non-exempt records responsive to plaintiff's FOIA requests.  Compl. at ¶ 12.

On May 25, 2017, this Court entered a Minute Order, ordering defendants to review and process particular records responsive to the FOIA requests, with three production deadlines:  (1) June 30, 2017, (2) July 31, 2017, and (3) September 5, 2017.  The Court further ordered scheduling for the parties' summary judgment briefing, beginning on September 19, 2017, and set oral argument on summary judgment motions for November 2, 2017.  *See* Minute Order, May 25, 2017.

Consistent with longstanding D.C. Circuit precedent, the Committee has placed a legend on certain communications over which it wishes to manifest its intent to maintain control as confidential congressional records.  *See* Declaration of Allison Halataei, General Counsel, Committee on Ways & Means ("Halataei Decl.") at ¶¶ 2, 7; *see also Am. Civil Liberties Union*, 823 F.3d at 663-64; *United We Stand Am.*, 359 F.3d at 598-601.  As relevant here, the Committee's legend states:

> This document and any related documents, notes, draft and final legislation, recommendations, reports, or other materials generated by Members or staff of the Committee on Ways and Means are records of the Committee, remain subject to the Committee's control, and are entrusted to your agency only for use in handling this matter.  Any such documents created or compiled by an

3

> agency in connection with any response to this Committee document or any related Committee communications, including but not limited to any replies to the Committee, are also records of the Committee and remain subject to the Committee's control. Accordingly, the aforementioned documents are not "agency records" for purposes of the Freedom of Information Act or other law.

*See* Halataei Decl. at ¶ 2.

The Committee recently learned that defendants' third production of documents to plaintiff, which occurred on September 5, 2017, inappropriately contained four of the Committee's confidential congressional records that covered by the Committee's legend (the "Legended Documents"). [2] *See* Halataei Decl. at ¶¶ 2-5, 7; *see also* Blog Post, American Oversight, Third Set of Health Care Emails Again Shows Trump Administration Effort to Hide Negotiations ("American Oversight Blog") (Sept. 7, 2017). [3] Such congressional records are not subject to FOIA. Instead of treating the Legended Documents as congressional records that are not subject to disclosure under FOIA, however, defendants improperly produced them to plaintiff, albeit in partially redacted form in light of various FOIA exemptions. Under the governing case law, the Legended Documents are congressional records, not "agency records" subject to the FOIA, and therefore should not have been produced at all. *Cause of Action*, 753 at 212; *United We Stand*, 359 F.3d at 597; *Smith v. U.S. Cong.*, No. 95-5281, 1996 WL 523800, at *1 (D.C. Cir. Aug. 28, 1996) (per curiam) (citing *Goland*, 607 F.2d at 338) (affirming that "[FOIA] . . . does not apply to congressional documents.").

---

[2] The four Legended Documents include: (1) HHS-Sept2017-01621-23, (2) HHS-Sept2017-01624-27, (3) HHS-Sept2017-01628, and (4) OMB-AmericanOversight-000988-1030. *See* Halataei Decl. at ¶ 3.

[3] https://www.americanoversight.org/third-set-health-care-emails-shows-trump-administration-effort-hide-negotiations

Accordingly, the Committee has promptly sought to intervene in this action in order to ensure the proper treatment of its congressional records.

## ARGUMENT

The Committee and the House have a compelling institutional interest in the proper application of FOIA, which was intended to ensure appropriate public access to Executive Branch documents without interfering with Congress's constitutional power and responsibility to engage in confidential interactions with Executive Branch agencies for oversight and other legislative purposes.  As the D.C. Circuit has held, "Congress has undoubted authority to keep its records secret," but it also "has an undoubted interest in exchanging documents with [Executive Branch] agencies to facilitate their proper functioning in accordance with Congress' originating intent." *Goland*, 607 F.2d at 346 (citation omitted).  If congressional records in the possession of agencies were subject to release under FOIA notwithstanding Congress's objections, "Congress would be forced either to surrender its constitutional prerogative of maintaining secrecy, or to suffer an impairment of its oversight role." *Id*.  The D.C. Circuit has "decline[d] to confront Congress with this dilemma," *id*., and this Court should do likewise.  The Committee's motion to intervene should be granted.

## I.     THE COMMITTEE IS ENTITLED TO INTERVENTION AS OF RIGHT.

"The right of intervention conferred by Rule 24 implements the basic jurisprudential assumption that the interest of justice is best served when all parties with a real stake in a controversy are afforded an opportunity to be heard." *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 130 (D.C. Cir. 1972).  To that end, pursuant to Federal Rule of Civil Procedure Rule 24(a)(2), "[a] district court must grant a timely motion to intervene that seeks to protect an interest that might be impaired by the action and that is not adequately represented by the parties." *Roane*

*v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014); *see also Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 320 (D.C. Cir. 2015) (citing *Deutsche Bank Nat'l Trust Co. v. FDIC*, 717 F.3d 189, 192 (D.C. Cir. 2013)); Fed. R. Civ. P. 24(a)(2).  The Committee should be granted leave to intervene in this action to protect its interest in proper treatment of the Legended Documents and in the important legal principles at stake, and also to preserve its rights to participate in or bring an appeal in the event of an adverse decision.  As the D.C. Circuit previously recognized in granting a Senate committee's belated motion to intervene post-decision in a FOIA appeal, "each interested governmental party" should be encouraged to "see to it that its views are fully represented before the court in some . . . way at a suitably early stage of the proceedings," rather than waiting until the appellate stage to intervene.  *Paisley*, 724 F.2d at 204.  In light of defendants' recent failure to accord the Committee's congressional records the treatment they are due under FOIA and binding circuit precedent, intervention is clearly warranted.

The D.C. Circuit has identified four factors to be considered in ruling on a motion for intervention as of right:  "(1) the timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties."  *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003) (citations and quotation marks omitted).  As detailed below, the Committee readily satisfies each of those requirements.

*First*, the Committee moved promptly to intervene in this action after defendants produced the Legended Documents in their September 5, 2017, production.  *See* Halataei Decl. at ¶ 6. *Second,* the Committee has a legally protected interest in the proper treatment of its own

6

congressional records in this matter, and more generally in the well-established legal principles that exclude such records from FOIA – principles that defendants have improperly ignored in producing the Legended Documents.  *Third*, this action threatens to impair the Committee's legally protected interest, because plaintiff seeks unredacted copies of the Committee's confidential congressional records.  *Fourth*, defendants are not adequately representing the Committee's interests, because they have failed to treat the Legended Documents as congressional records but instead have produced them, albeit with redactions predicated on other grounds.

## A.      The Committee Has Article III Standing to Protect its Congressional Records.

"To establish standing under Article III, a prospective intervenor . . . must show:  (1) injury-in-fact, (2) causation, and (3) redressability."  *Fund for Animals*, 322 F.3d at 732-33 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).   The Committee readily meets these requirements here.

### 1.      Injury in Fact.

To show injury in fact, an intervenor must show "an invasion of legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  *Lujan*, 504 U.S. at 560 (citations and quotation marks omitted).  Here, the Committee has a well-established legally protected interest in non-disclosure of its congressional records.  As noted, over the last four decades courts consistently have recognized that Congress has a legally protected interest in non-disclosure of its congressional records under FOIA.  *See Am. Civil Liberties Union*, 823 F.3d at 662; *United We Stand*, 359 F.3d at 597; *Goland*, 607 F.2d at 348.  Indeed, the D.C. Circuit has squarely held that a congressional committee whose documents are at issue in a FOIA case "has an interest in the subject matter of the case[.]"  *Paisley*, 724 F.2d at 202.  The Committee's interest in protection of the confidentiality of its congressional records is

concrete and particularized here because it relates to disclosure of four specific Legended Documents that defendants have already produced, in redacted form, to plaintiff, and that plaintiff is seeking to have disclosed in full.  *See* Halataei Decl. at ¶¶ 2-5, 7-8.  The threatened invasion of the Committee's legally protected interest in the confidentiality of its congressional records is plainly actual and imminent.  *See* Compl. Ex. A at 2, Ex. B at 2; Halataei Decl. at ¶¶  7-8.  The Committee clearly has a legally protected interest in preventing further disclosure of the Legended Documents.  *See Appleton v. FDA*, 310 F. Supp. 2d 194, 197 (D.D.C. 2004) ("As for standing . . . FDA's disclosure [under FOIA] of applicants' . . . confidential information would cause them to suffer an injury-in-fact . . . .") (citing *Fund for Animals*, 322 F.3d at 732-33).

### 2.    Causation.

The second element of the standing analysis requires "a causal connection between the injury and the conduct complained of – the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant[.]"  *Lujan*, 504 U.S. at 560 (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)).  Here, causation is obvious, and the Committee's actual and threatened injury is directly traceable to the conduct of the parties in this action.  The Committee took appropriate steps to preserve the confidential status of the Legended Documents by placing a legend on the documents, contemporaneously manifesting the Committee's intent to retain control of those records.  Halataei Decl. at ¶¶ 2-4, 7.  Plaintiff seeks disclosure of documents, including the Legended Documents, through its FOIA request and this litigation.  *See* Compl. Ex. A at 2, Ex. B at 2.  Notwithstanding the status of the Legended Documents as congressional records not subject to FOIA, defendants have partially produced them in this action.  Halataei Decl. at ¶ 5. The Committee's interests have thus already been injured by the parties' conduct, and further injury is threatened by the relief sought by plaintiff.  Halataei Decl. at ¶ 8.

### 3.       Redressability.

"The redressability inquiry poses a simple question:  '[I]f [intervenors] secured the relief they sought, . . . would [it] redress their injury?"  *Wilderness Soc'y v. Norton*, 434 F.3d 584, 590 (D.C. Cir. 2006).  The answer here is clearly "yes."  Consistent with binding circuit precedent, this Court may grant the relief that the Committee seeks – namely, an order confirming that the Legended Documents are congressional records, not agency records, and are therefore not subject to disclosure under FOIA – and thereby prevent further injury.  *See Am. Civil Liberties Union*, 823 F.3d at 662 (holding that a Senate committee report in possession of executive branch agencies is not an agency record subject to FOIA); *United We Stand*, 359 F.3d at 605 (holding that a letter from congressional committee and portions of IRS's reply thereto were not agency records subject to FOIA); *see also Paisley*, 24 F.2d at 204.  Redressability is therefore established.  *See Appleton*, 310 F. Supp. 2d at 197 (disclosure would cause injury "that intervention to defend against disclosure could redress").

## B.       The Committee's Motion is Timely.

"'[T]imeliness is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case.'"  *United States v. British Am. Tobacco Austl. Servs., Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006) (quoting *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1295 (D.C. Cir. 1980)).  The Committee's motion to intervene in this four-month old FOIA case is timely.  Indeed, the Committee moved to intervene promptly after defendants' September 5, 2017 production inappropriately included the Legended

Documents.[4]  *See* Halataei Decl. ¶ 6.  "[C]ourts measure elapsed time from when the 'potential inadequacy of representation [comes] into existence.'"  *Amadour Cty. v. U.S. Dep't of the Interior*, 772 F.3d 901, 904 (D.C. Cir. 2014); *cf. Paisley*, 724 F.2d at 203-04 (permitting Senate committee to intervene post-appellate review in FOIA case concerning disclosure of the committee's congressional records).

Second, no party here will be prejudiced by the Committee's intervention.  Summary judgment briefing has not yet commenced, and the Committee is prepared to file and argue a motion for summary judgment regarding its Legended Documents on the same schedule as the parties.  *See* Minute Order, May 25, 2017.

**C.    The Committee Claims an Interest Relating To the Subject Matter of this Action.**

For the reasons stated above in support of standing, *supra* at 7-9, the Committee unquestionably claims an interest relating to the subject matter of this case, because it has a legally protected interest in the confidentiality of the Legended Documents whose confidentiality is directly at issue in this case.  *See, e.g.*, *Am. Civil Liberties Union* 823 F.3d at 659, 662 (holding that Senate committee records were not subject to FOIA despite widespread dissemination among and physical possession of records by agencies).  The D.C. Circuit has repeatedly held that a claim of right to preserve the confidentiality of documents in the hands of another party is a sufficient interest to justify intervention.  *See*, *e.g.*, *Paisley*, 724 F.2d at 204 (permitting Senate committee to intervene post-appeal to defend against disclosure of its congressional records by CIA pursuant to FOIA).  In *United States v. American Telephone & Telegraph Co.*, 642 F.2d 1285 (D.C. Cir. 1980), for example, the court of appeals held that an intervenor who claimed a legal right to block production of documents in the hands of a litigant "ha[d] certainly alleged an interest in the

---

[4] *See* American Oversight Blog, *supra* n.3.

protection of its work product," and that "an interest in protecting the requested database documents from discovery" was sufficient to justify intervention. *Id.* at 1291. Numerous cases of this Court are to the same effect. *See, e.g.*, *100Reporters LLC v. U.S. Dep't of Justice*, 307 F.R.D. 269, 275 (D.D.C. 2014) ("[P]reventing the disclosure of . . . confidential information is a well-established interest sufficient to justify intervention under Rule 24(a)"); *id.* at 278 ("[I]t is sufficient for purposes of Rule 24(a) that the Monitor has an interest in maintaining the confidentiality of his reports and communications[.]"); *Appleton*, 310 F. Supp. 2d at 197 (D.D.C. 2004) (holding that intervenors "ha[d] an interest in the subject of the action" sufficient to justify intervention because plaintiff's FOIA request sought FDA documents "that allegedly contain[] trade secrets and confidential information" submitted by intervenors). Accordingly, the Committee's interest is sufficient to support intervention here.

**D.     This Action Threatens to Impair the Committee's Interests.**

In determining whether this action threatens to impair the Committee's interests, the Court must consider the "practical consequences" that the Committee may suffer if intervention is denied. *Nat'l Res. Def. Council v. Costle*, 561 F.2d 904, 909 (D.C. Cir. 1977). Further disclosure of the Legended Documents resulting from a ruling in favor of plaintiff in this action would immediately and irreparably impair the Committee's ability to preserve the confidentiality of these congressional records. Halataei Decl. ¶ 8. Absent intervention, moreover, no party will be advancing the argument that the Legended Documents constitute congressional records that are not subject to disclosure under FOIA. Preventing the disclosure of confidential information is a well-established interest sufficient to justify intervention under Rule 24(a). *See, e.g.*, *100Reporters*, 307 F.R.D. at 279 (a "consequence that frequently qualifies as impairment is when the disclosure of materials following the disposition of a FOIA action 'could impair the

[intervenors'] ability to protect their . . . confidential information'") (citation omitted); *Appleton*, 310 F. Supp. 2d at 197 (threatened impairment prong satisfied because "disclosures resulting from the disposition of this [FOIA] action could impair the [intervenors'] ability to protect their trade secrets or confidential information").   Irreparable impairment of the Committee's interests is "especially obvious in FOIA litigation because if the plaintiff succeeds, the public release of the requested materials is both imminent and irreversible." *100Reporters*, 307 F.R.D. at 279.   As the D.C. Circuit has explained, "[o]nce records are released, nothing in FOIA prevents the requester from disclosing the information to anyone else.   The statute contains no provisions requiring confidentiality agreements or similar conditions." *Swan v. SEC*, 96 F.3d 498, 500 (D.C. Cir. 1996).

Further, the Committee's interest would be impaired if there is an adverse judgment in this case, because it may establish unfavorable precedent, namely, that documents bearing the Committee's legend have been disclosed in FOIA litigation. *See Crossroads*, 788 F.3d at 320 (granting intervention because "[a]n adverse judgment in the district court would impair [the intervenor's] defense in a new proceeding."); *Roane*, 741 F.3d at 151 (intervention warranted because the litigation "could establish unfavorable precedent that would make it more difficult for [the intervenor] to succeed" in any future suit to enforce his rights).

## E.     Defendants Do Not Adequately Represent the Committee's Interests.

By producing partially redacted copies of the Committee's Legended Documents to plaintiff, defendants have shown that they will not adequately represent the Committee's interest in protecting the entirety of its congressional records from disclosure under FOIA.   The Committee need only "show[] that representation of [its] interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (citation omitted); *see Fund for Animals*, 322 F.3d at 735 (this

requirement is "'not onerous'") (citation omitted); *United States v. Am. Tel. & Tel. Co.*, 642 F.2d at 1293 (intervention "ordinarily should be allowed . . . unless it is clear" that an existing party provides adequate representation (internal quotation omitted)).

Here, the record makes clear not only that the defendants' representation "may be" inadequate, but also that it is inadequate in fact.  The Committee has a specific interest in the confidentiality of the Legended Documents.  *See supra* at 11-12.  Defendants have already demonstrated their unwillingness to defend that interest by failing to treat those documents as congressional records not subject to disclosure under FOIA and instead producing portions of those documents to plaintiff.  The fact that defendants are raising other grounds for refusing to disclose the redacted portions of those documents does not undermine this conclusion, because defendants are failing to present a full-fledged defense of the Committee's interests and legal rights.  *See Fund for Animals*, 322 F.3d at 736 (holding that representation may be inadequate under Rule 24(a)(2) even if defendant's and intervenor's interests overlap, when defendant is not affording such interests the "primacy" that intervenor would afford).  The Committee "should not need to rely on a doubtful friend to represent its interests, when it can represent itself."  *Crossroads*, 788 F.3d at 321.  Further, there is no certainty that the defendants will pursue an appeal in this case in the event of an adverse decision, and accordingly the Committee's intervention is necessary to preserve the right of appeal.  *Id.* at 320; *Roane*, 741 F.3d at 151.

## II.    THE COURT SHOULD GRANT PERMISSIVE INTERVENTION.

In the alternative, the Court should grant the Committee permissive intervention under Fed. R. Civ. P. 24(b)(1)(B), which requires that "[o]n timely motion, the court may permit, anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).   Permissive intervention is appropriate because the Committee timely moved to intervene and has a claim or defense that shares a common question

of law with the main action.  Specifically, a common question of law exists because one of the questions at issue in this litigation is whether the four Legended Documents must be disclosed under FOIA.  *See* Compl., Prayer For Relief at (1)-(4); Committee Answer, Affirmative Def. at ¶ 1; Halataei Decl. at ¶¶ 5, 7.  Plaintiff alleges it is entitled to disclosure of these documents in full; defendants have asserted that portions of those documents are not subject to disclosure on various legal grounds; the Committee asserts that the Legended Documents are not subject to disclosure at all because they are congressional records.  *See* Compl. at ¶¶ 10-12, 63-67; Def. Answer, Affirmative Defense at ¶ 1(ECF No. 12); Committee Answer, Affirmative Def. at ¶ 1. This common legal question – namely, whether and to what extent disclosure is required under FOIA – justifies permissive intervention.

Finally, intervention will not "delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  As noted, *supra* at 9-10, the Committee's motion is timely and no delays will result from the Committee's intervention in this matter.  Summary judgment briefing has not yet commenced, and the Committee is prepared to file and argue a motion for summary judgment on the same schedule as the parties.  *See* Minute Order, May 25, 2017.  Permissive intervention is therefore appropriate.

## CONCLUSION

The Court should grant the Committee's motion to intervene.

Respectfully submitted,

*/s/ Thomas G. Hungar*
Thomas G. Hungar,
   *General Counsel* (DC Bar #447783)
Eleni M. Roumel,
   *Assistant General Counsel*
Kristin A. Shapiro,
   *Assistant General Counsel* (DC Bar # 1007010)

14

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
Telephone: (202) 225-9700
Thomas.Hungar@mail.house.gov

*Counsel for the Committee on Ways and Means*
  *of the U.S. House of Representatives*

September 15, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2017, I filed the foregoing Motion to Intervene and Memorandum in Support of the Motion to Intervene via the U.S. District Court for the District of Columbia's CM/ECF system, which I understand caused a copy to be served on registered CM/ECF users:


 */s/ Thomas G. Hungar*
Thomas G. Hungar