## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Case No. 17-827 (EGS) |
| | ) |
| U.S. DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES et al., | ) |
| | ) |
| *Defendants.* | ) |
| | ) |
| COMMITTEE ON WAYS AND MEANS OF | ) |
| THE U.S. HOUSE OF REPRESENTATIVES, | ) |
| | ) |
| *Defendant-Intervenor.* | ) |
| | ) |

### PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(c), and 12(h)(2)-(3),

Plaintiff American Oversight respectfully moves for judgment on the pleadings as to the

Committee on Ways and Means' ("Committee's") Affirmative Defense against Plaintiff asking

the Court to enjoin Plaintiff from receiving certain records pursuant to the Freedom of

Information Act ("FOIA"). Because the Committee has identified no cause of action against

Plaintiff, the Court therefore must dismiss the Committee's Affirmative Defense for lack of

subject matter jurisdiction and for failure to state a claim. The accompanying Memorandum sets

forth more fully the reasons that support American Oversight's motion.

Dated: July 10, 2018            Respectfully submitted,

           */s/ Sara Kaiser Creighton*
           Sara Kaiser Creighton
           D.C. Bar No. 1002367
           Austin R. Evers
           D.C. Bar No. 1006999

John E. Bies
D.C. Bar No. 483730
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5245
sara.creighton@americanoversight.org
austin.evers@americanoversight.org
john.bies@americanoversight.org
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2018, I electronically filed a copy of the foregoing

Motion for Judgment on the Pleadings. Notice of this filing will be sent via email to all parties by

operation of the Court's electronic filing system. Parties may access this filing through the

Court's CM/ECF System.

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 17-827 (EGS) |
| ) | |
| U.S. DEPARTMENT OF ) | |
| HEALTH AND HUMAN SERVICES et al., ) | |
| ) | |
| *Defendants*. ) | |
| ) | |
| COMMITTEE ON WAYS AND MEANS OF ) | |
| THE U.S. HOUSE OF REPRESENTATIVES, ) | |
| ) | |
| *Defendant-Intervenor*. ) | |
| ) | |

**<u>PROPOSED ORDER</u>**

Upon consideration of Plaintiff's Motion for Judgment on the Pleadings and the entire record before the Court, it is hereby

**ORDERED** that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED** that Defendant-Intervenor the Committee on Ways and Means of the U.S. House of Representatives is dismissed from the case without prejudice.

**SO ORDERED**.

Date: _____      _____
                                     EMMET G. SULLIVAN
                                     United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES et al., | ) |
| | ) |
| *Defendants.* | ) |
| | ) |
| COMMITTEE ON WAYS AND MEANS OF | ) |
| THE U.S. HOUSE OF REPRESENTATIVES, | ) |
| | ) |
| *Defendant-Intervenor.* | ) |
| | ) |

Case No. 17-827 (EGS)

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT
ON THE PLEADINGS AS TO DEFENDANT-INTERVENOR**

The Committee on Ways and Means of the U.S. House of Representatives ("the Committee") has intervened in this action but failed to identify a cause of action entitling it to do so or to state any claim upon which relief can be granted. It has styled itself as a "defendant," yet no party seeks relief against the Committee. It seeks to prohibit two government agencies from producing records the agencies have determined are agency records responsive to a Freedom of Information Act ("FOIA") request, yet has pleaded no cause of action against the agencies and seeks no relief directly against them. Instead, it asks the Court for a free-floating order that American Oversight, the Plaintiff and FOIA requester, is not "entitled" to the contested records, but has identified no cause of action that would entitle the Committee to relief against the Plaintiff. Indeed, both case law and the text of the statute itself are crystal clear that FOIA itself does not provide a cause of action for such relief.

The Committee seeks to prevent HHS and OMB from disclosing, in response to a FOIA request, certain records over which the Committee asserts control (the "Contested Records"). Rather than seeking relief against the agencies that may disclose the records, though, the Committee attempts to frame itself as a "defendant" in this case and purports to assert an "Affirmative Defense" against American Oversight. Given that American Oversight has made no claim against the Committee and seeks no relief from the Committee, of course, there is no basis for the Committee to seek relief against American Oversight in the form of an affirmative defense, particularly the sort of affirmative relief the Committee seeks here. Rather, the so-called "Affirmative Defense" is in fact a claim against Plaintiff, asking the Court to enjoin Plaintiff from receiving the Contested Records pursuant to FOIA. But FOIA provides no authority to bar the disclosure of records by an agency, much less a cause of action to prevent a *requester* of records from receiving them. In truth, what the Committee really seeks is, in effect, an injunctive

order against the *defendant agencies* preventing the agencies from acting on the agencies'

administrative determination that the Contested Records are responsive agency records and

therefore producing the records to American Oversight. But the Committee has failed to plead

any cause of action against the agencies, much less identify a claim upon which this Court is

empowered to provide the Committee the relief it seeks.

The solution to this pleadings conundrum is clear. Under controlling case law, a third

party's sole recourse to prevent the disclosure of a record to a FOIA requester is to plead a viable

cause of action *against* the agency that would otherwise produce the record. The Supreme Court

has made clear that a third party's only means of preventing disclosure under FOIA is judicial

review of *the agency's disclosure decision* pursuant to the Administrative Procedures Act

(commonly referred to as a "reverse FOIA" action)—an action the Committee has not initiated.

Because the Committee seeks relief from Plaintiff that does not exist under FOIA (or, for that

matter, under any federal law), its purported Affirmative Defense must be dismissed for lack of

federal subject matter jurisdiction, or alternatively, for failure to state a claim upon which relief

can be granted.[1]

## BACKGROUND

In March 2017, Plaintiff American Oversight submitted FOIA requests to Defendants the

Department of Health & Human Services ("HHS") and the Office of Management & Budget

("OMB") seeking, broadly speaking, communications between the defendant agencies and

---

[1] The resolution of this Motion, and the ultimate disposition of the Contested Records, need not delay the Court's decision regarding the agencies' redactions at issue in the pending Motions for Summary Judgment filed by Plaintiff and the defendant agencies. *See* Def.'s Mot. for Summ. J., ECF No. 25; Pl.'s Cross-Mot. for Summ. J., ECF No. 30. The issues raised by the Committee only concern four email chains that the Committee contends are not agency records, and do not otherwise affect the remaining documents or the parties' arguments regarding the defendant agencies' FOIA response.

Congress related to health care reform legislation. Compl. ¶ 10, ECF No. 1. When neither Agency responded to these FOIA requests, Plaintiff filed suit, seeking a preliminary injunction. Compl., ECF No. 1; Pl.'s Mot. for a Prelim. Inj., ECF No. 2. This Court ordered the defendant agencies to review and process the responsive records in short order, *see* May 25, 2017 Minute Order, resulting in productions of numerous records by both defendants, many of which contained extensive redactions under FOIA's Exemption 5, notwithstanding that that Exemption applies only to "inter-agency or intra-agency memorandums or letters," 5 U.S.C. § 552(b)(5).

As part of their compliance with the Court's May 25, 2017 order and their completion of their obligation under FOIA to "determine" whether to comply with Plaintiff's FOIA request, *see* 5 U.S.C. § 552(a)(6)(A), HHS and OMB made an administrative determination that the Contested Records were agency records responsive to Plaintiff's FOIA requests and included those records, with redactions, in their productions to Plaintiff notwithstanding the Committee's contention that those records are under the Committee's exclusive control. Specifically, the defendant agencies' productions included four partially-redacted email exchanges comprising 25 email messages between HHS or OMB and individuals who work for the Committee. Six of the messages within these email chains bore a footer stating that the Committee considered the records to be congressional records not subject to FOIA. Notwithstanding this administrative determination by the defendant agencies, the Committee now claims that all of these 25 email messages—the Contested Records—are congressional records under the Committee's exclusive control.

On September 15, 2017, the Committee moved to intervene in this lawsuit as a Defendant-Intervenor to advance its position that the defendant agencies' administrative determinations that the Contested Records were agency records were incorrect, and that the

Contested Records were congressional records not subject to FOIA. *See* Mot. for Leave to Intervene of the Comm. on Ways and Means of the U.S. House of Reps., ECF No. 19. The Committee simultaneously filed an Answer (the Committee's only pleading) asserting an "Affirmative Defense" that "Plaintiff is not entitled to compel production of Defendant-Intervenor's records, which are congressional records not subject to the Freedom of Information Act, 5 U.S.C. § 552." Answer at 7, ECF No. 19-2. In its sole pleading, the Committee styled its claim as an "Affirmative Defense" notwithstanding the fact that Plaintiff has asserted no claims against the Committee and seeks no relief from the Committee. The Committee asserted no claims against the defendant agencies, nor any claims under any statute other than FOIA. Shortly thereafter, the Committee filed a Motion for Summary Judgment, attaching a Proposed Order that "[t]he documents at issue in the motion . . . are congressional records and therefore not subject to [FOIA]. Accordingly, plaintiff American Oversight is not entitled to any relief as to these documents . . . ." Proposed Order, ECF No. 21-5 (internal citations omitted).

## ARGUMENT

The Committee's attempt to enjoin Plaintiff from receiving agency records pursuant to FOIA fails to advance a cognizable claim for relief under any existing federal law and must be dismissed. Where, as here, a party fails to assert even a colorable cause of action under the Constitution or laws of the United States, a court cannot exercise federal subject matter jurisdiction over the party's claim. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Courts have repeatedly and clearly held FOIA to be "exclusively a disclosure statute," providing no mechanism to bar the disclosure (let alone the receipt) of agency records. *See, e.g.*, *Chrysler Corp. v. Brown*, 441 U.S. 281, 292 (1979). And yet FOIA is the sole basis upon which the Committee seeks to do just that. Because the Committee does not—and indeed cannot—

identify a federal law empowering a court to issue the relief it seeks (namely, an order enjoining a FOIA requester from receiving agency records), this Court cannot exercise subject matter jurisdiction over the Committee's claim. *See, e.g.*, *Ass'n of Am. Physicians & Surgeons v. Sebelius*, 746 F.3d 468, 473 (D.C. Cir. 2014) (affirming dismissal for lack of subject matter jurisdiction where plaintiffs failed to identify any federal law or "even an arguable theory" supporting their claims). It necessarily follows that the Committee has failed to state a claim upon which relief can be granted, providing an additional, independent ground upon which the Committee's claim should also be dismissed. *See* Fed. R. Civ. P. 12(b)(6), 12(c); *Tapp v. Wash. Metro. Area Transit Auth.*, No. 15-cv-0768, 2016 WL 7441719, at *4–5 (D.D.C. Sept. 30, 2016).

## I.      Legal Standards

A motion for judgment on the pleadings may be made at any time "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c); *see also In re NC Swine Farm Nuisance Litig.*, No. 5:15-cv-00013, 2017 WL 2312883, at *3 (E.D.N.C. May 25, 2017) (finding Rule 12(c) motion timely in part due to lack of "issue over delaying trial, given trials have not been scheduled").

Should the Court determine that it lacks subject matter jurisdiction—a defense that may be raised at any point in the litigation (in a motion under Rule 12(c) or otherwise)—the action must be dismissed. *See* Fed. R. Civ. P. 12(b)(1); 12(h)(3); *see also Coon v. Wood*, 160 F. Supp. 3d 246, 249 (D.D.C. 2016) ("a challenge to federal subject-matter jurisdiction is not waivable and may be raised at any point in the proceedings"). A claim must be dismissed for lack of subject matter jurisdiction if it is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co.*, 523 U.S. at 89 (quotation and citation omitted).

A defense for failure to statue a claim can be raised in the pleadings, in a motion pursuant to Rule 12(c), or at trial. Fed. R. Civ. P. 12(h)(2); *see also Cmty. Fin. Servs. Ass'n of Am., Ltd. v. Fed. Deposit Ins. Corp.*, No. 14-cv-953, 2016 WL 7376847, at *14 (D.D.C. Dec. 19, 2016) ("Rule 12(h)(2) unambiguously provides that an argument that is not raised in an initial Rule 12(b)(6) motion is not waived prior to the conclusion of the case."). The standard of review for a Rule 12(c) motion to dismiss for failure to state a claim essentially mirrors the standard under Rule 12(b)(6). *Tapp*, 2016 WL 7441719, at *5. Such a motion may be granted when "the material facts are not in dispute and a judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noted facts." *Id.* at *4 (quotation omitted). While the Court must accept all allegations in the complaint as true, allegations insufficient to "state a claim to relief that is plausible on its face" must be dismissed. *Tefera v. OneWest Bank, FSB*, 19 F. Supp. 3d 215, 220 (D.D.C. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (1955)).

## II. Plaintiff is Entitled to Judgment on the Pleadings Because the Committee's "Affirmative Defense" Advances No Cognizable Legal Claim.

### A. This Court Lacks Subject Matter Jurisdiction Over the Committee's "Affirmative Defense."

As a threshold matter, the purported claim asserted in the Committee's so-called Affirmative Defense is wholly insubstantial and foreclosed by prior court decisions, such that it must be dismissed for lack of subject matter jurisdiction. *Steel Co.*, 523 U.S. at 89; *see also* Fed. R. Civ. P. 12(h)(3) (dictating mandatory dismissal where subject matter jurisdiction is lacking); *Coon*, 160 F. Supp. 3d at 249 (confirming defense for lack of subject matter jurisdiction is not waivable and may be raised at any time). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial,

implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co.*, 523 U.S. at 89 (quoting *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 414 U.S. 661, 666 (1974)). Claims are considered insubstantial for jurisdictional purposes where prior court decisions "inescapably render the claims frivolous"—in other words, where the claim's "unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." *See Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974) (quoting *Ex parte Poresky*, 290 U.S. 30, 32 (1933)).

The Committee has identified no cause of action to support its claim here other than FOIA itself. Prior court decisions leave no doubt that FOIA provides no authority for a third party to prevent disclosure of agency records, much less to prevent a requester from receiving them. Rather, FOIA's remedial provision gives federal courts only "jurisdiction to enjoin the agency from *withholding* agency records." 5 U.S.C. § 552(a)(4)(B) (emphasis added). Noting that "FOIA is exclusively a disclosure statute," the Supreme Court found that its remedial provision "does not give the authority to bar disclosure." *Chrysler*, 441 U.S. at 292. The D.C. Circuit is in accord, recognizing that FOIA provides a submitter of information no right of action to enjoin disclosure. *See Nat'l Org. for Women, Wash., D.C. Chapter v. Soc. Sec. Admin. of Dep't of Health & Human Servs.*, 736 F.2d 727, 736 n.88 (citing *Chrysler*, 441 U.S. at 291–94). Rather, a third party seeking to bring a claim to bar disclosure of records (typically referred to as a "reverse FOIA" action) has only one option: "the submitter's *sole entree* into court is an action for review of the agency's disclosure decision under the [Administrative Procedure Act]." *Nat'l Org. for Women*, 736 F.2d at 736 (emphasis added); *see also Comdisco, Inc. v. Gen. Servs. Admin.*, 864 F. Supp. 510, 513 (E.D. Va. 1994) ("The Supreme Court has noted that a party

7

seeking to prevent an agency's disclosure of records under FOIA has no private right of action to prevent the disclosure. Rather, the party's *sole recourse* is to seek review of the agency's decision under the Administrative Procedure Act ('APA').") (internal citation omitted) (emphasis added). The Committee has pleaded no such claim against the agencies here.

Thus, the Committee's Affirmative Defense is definitively foreclosed by prior court decisions and must be dismissed for lack of subject matter jurisdiction. *See Hagans*, 415 U.S. at 537–38; *see also Araya v. JPMorgan Chase Bank, N.A.*, 775 F.3d 409, 414–15 (D.C. Cir. 2014) (finding insufficient basis for federal subject matter jurisdiction over Fifth Amendment claim against private actor because "[i]t is beyond dispute that the Fifth Amendment appl[ies] to and restrict[s] only the Federal Government and not private persons," and there was no argument or even allegation that defendants were government actors) (internal quotations omitted).[2]

### B.   The Committee's Affirmative Defense Must be Dismissed for Failure to State a Claim.

Even if its exercise of subject matter jurisdiction were proper, this Court must nevertheless dismiss the Committee's Affirmative Defense for failure to state a claim.[3] As discussed above, FOIA provides no cause of action for a third party to enjoin disclosure of

---

[2] While the Supreme Court has held that "[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover," *Steel Co.*, 523 U.S. at 89, that principle applies only where the statute or constitutional provision in question actually protects the right the party asserts, and the remaining question is simply whether the party has properly alleged a claim on which that right can be vindicated against the other party, *see Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *cf. Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511–13 (2006); *Hagans*, 415 U.S. at 537–38. Where, as here, the relevant federal law does not provide the relief sought at all, regardless of how it is pleaded, the Court's subject matter jurisdiction is defeated. *See Araya*, 775 F.3d at 414–15; *see also Ass'n of Am. Physicians & Surgeons*, 746 F.3d at 473.

[3] As noted above in Section I, *supra*, a failure to state a claim defense is appropriately raised in a motion for judgment on the pleadings, and is not waived prior to the conclusion of the case. *See* Fed. R. Civ. P. 12(h)(2); *Cmty. Fin. Servs. Ass'n*, 2016 WL 7376847, at *14.

agency records, much less a basis to enjoin requesters from receiving them. *See supra* Section II.A; *Chrysler*, 441 U.S. at 292; *Nat'l Org. for Women*, 736 F.2d at 736 & n.88. The Committee has pointed to no cause of action other than FOIA itself. As courts have recognized time and again, FOIA is exclusively a disclosure statute and indeed, even its exemptions provide only agency *discretion* to withhold records, not mandatory bars to disclosure. *See, e.g.*, *Chrysler*, 441 U.S. at 292–93. A third-party submitter, such as the Committee, cannot rely on FOIA to enjoin an agency from disclosure. *Id.* at 292; *Nat'l Org. for Women*, 736 F.2d at 736. Moreover, the third party certainly has no cause of action under FOIA to prevent *a FOIA requester* from receiving agency records. Rather, such third party's only recourse is judicial review of the agency's decision to release the records under the APA and its relevant standards. *Nat'l Org. for Women*, 736 F.2d at 736; *Comdisco, Inc.*, 864 F. Supp. at 513. The Committee's Affirmative Defense, which seeks relief against Plaintiff (not the defendant agencies) under FOIA (not the APA) clearly fails to state a claim upon which relief can be granted and must be dismissed on that basis.

## CONCLUSION

For the foregoing reasons, Plaintiff American Oversight respectfully requests that the Committee's Affirmative Defense be dismissed for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim.

Dated: July 10, 2018

Respectfully submitted,

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367
Austin R. Evers
D.C. Bar No. 1006999
John E. Bies
D.C. Bar No. 483730
AMERICAN OVERSIGHT

1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5245
sara.creighton@americanoversight.org
austin.evers@americanoversight.org
john.bies@americanoversight.org
*Counsel for Plaintiff*