**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Case No. 17-827-EGS-DAR |
| | ) |
| U.S. DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES et al., | ) |
| | ) |
| *Defendants.* | ) |
| | ) |
| COMMITTEE ON WAYS AND MEANS OF | ) |
| THE U.S. HOUSE OF REPRESENTATIVES, | ) |
| | ) |
| *Defendant-Intervenor.* | ) |
| | ) |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT
ON THE PLEADINGS AS TO DEFENDANT-INTERVENOR**

## <u>TABLE OF CONTENTS</u>

ARGUMENT................................................................................................................4

    I.   The Committee Is Not a Defendant in Form or in Substance............................................4

    II.  The Committee's Arguments and String Citations Provide No Support for Its Position....8

CONCLUSION.........................................................................................................13

# TABLE OF AUTHORITIES

**CASES**

*100Reporters LLC v. U.S. Dep't of Justice*,
   307 F.R.D. 269 (D.D.C. 2014) ....................................................................10

*AAR Airlift Grp., Inc. v. U.S. Transp. Command*,
   161 F. Supp. 3d 37 (D.D.C. 2015) ..............................................................11

*Airline Pilots Ass'n, Int'l v. U.S. Postal Serv.*,
   No. 03-2384, 2004 WL 5050900 (D.D.C. June 24, 2004) ...........................10

*AT & T Info. Sys., Inc. v. Gen. Servs. Admin.*,
   810 F.2d 1233 (D.C. Cir. 1987) ...................................................................12

*Can. Commercial Corp. v. Dep't of Air Force*,
   514 F.3d 37 (D.C. Cir. 2008) .......................................................................11

*Chiquita Brands Int'l Inc. v. S.E.C.*,
   805 F.3d 289 (D.C. Cir. 2015) .....................................................................11

* *Chrysler Corp. v. Brown*,
   441 U.S. 281 (1979) ...................................................................................5, 8

*CNA Fin. Corp. v. Donovan*,
   830 F.2d 1132 (D.C. Cir. 1987) ................................................................5, 12

*ERG Transit Sys. (USA), Inc. v. Wash. Metro. Area Transit Auth.*,
   593 F. Supp. 2d 249 (D.D.C. 2009) .............................................................11

*Flynn v. 3900 Watson Place, Inc.*,
   63 F. Supp. 2d 18 (D.D.C. 1999) ...................................................................5

*Gov't Accountability Project v. Food & Drug Admin.*,
   181 F. Supp. 3d 94 (D.D.C. 2015) ...............................................................10

*GS New Mkts. Fund, L.L.C. v. U.S. Dep't of the Treasury, Cmty. Dev. Fin. Insts. Fund*,
   407 F. Supp. 2d 21 (D.D.C. 2005) ...............................................................11

*Honeywell Tech. Sols., Inc. v. Dep't of Air Force*,
   779 F. Supp. 2d 14 (D.D.C. 2011) ...............................................................11

*Ivanhoe Citrus Ass'n v. Handley*,
   612 F. Supp. 1560 (D.D.C. 1985) ................................................................12

*Judicial Watch, Inc. v. Food & Drug Admin.*,
   449 F.3d 141 (D.C. Cir. 2006) .......................................................................9

*Jurewicz v. U.S. Dep't of Agric.*,
   741 F.3d 1326 (D.C. Cir. 2014) ........................................................................... 7, 11

*Light v. Wolf*,
   816 F.2d 746 (D.C. Cir. 1987) ................................................................................... 5

*Med. Assur. Co. v. Martinez*,
   No. 06-1248, 2008 WL 2227345 (N.D. Ohio May 6, 2008), *report and recommendation
   adopted*, No. 06-1248, 2008 WL 2227340 (N.D. Ohio May 27, 2008) ..................................... 4

*Nat'l Bus. Aviation Ass'n, Inc. v. Fed. Aviation Admin.*,
   686 F. Supp. 2d 80 (D.D.C. 2010) ......................................................................... 11

\* *Nat'l Org. for Women, Wash., D.C. Chapter v. Soc. Sec. Admin. of Dep't of Health & Human
   Servs.*,
   736 F.2d 727 (D.C. Cir. 1984) ............................................................................. 5, 8

*Niagara Mohawk Power Corp. v. U.S. Dep't of Energy*,
   169 F.3d 16 (D.C. Cir. 1999) ................................................................................... 9

*Occidental Petroleum Corp. v. S.E.C.*,
   873 F.2d 325 (D.C. Cir. 1989) ............................................................................... 11

*Paisley v. C.I.A.*,
   724 F.2d 201 (D.C. Cir. 1984) ................................................................................. 9

*Physicians Comm. for Responsible Med. v. United States Dep't of Agric.*,
   No. 13-0483, 2018 WL 2389723 (D.D.C. May 25, 2018) .......................................... 9, 10

*Poet Design & Constr., Inc. v. U.S. Dep't of Energy*,
   No. 18-00857, 2018 WL 2694453 (D.D.C. June 5, 2018) .......................................... 7, 11

*Pub. Citizen Health Research Grp. v. Food & Drug Admin.*,
   No. 99-0177, 2000 WL 34262802 (D.D.C. Jan. 19, 2000) .......................................... 10

*Rosenthal & Rosenthal, Inc. v. Greenberg Gallery*,
   No. 84-6933, 1986 WL 12712 (S.D.N.Y. Nov. 6, 1986) ............................................. 5

\* *Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) ................................................................................................... 8

*Town of Chester, N.Y. v. Laroe Estates, Inc.*,
   137 S. Ct. 1645 (2017) .............................................................................................. 8

*Waterkeeper All. v. U.S. Coast Guard*,
   No. 13-289, 2014 WL 5351410 (D.D.C. Sept. 29, 2014) ............................................. 9

**RULES**

Fed. R. Civ. P. 8(c)(2)................................................................................................4

Seeking to prevent Defendants Department of Health and Human Services and the Office of Management and Budget (the "defendant agencies") from releasing certain records (the "Contested Records") in response to a Freedom of Information Act ("FOIA") request made by Plaintiff American Oversight, the Defendant-Intervenor, the Committee on Ways and Means of the U.S. House of Representatives (the "Committee") intervened in this action and asserted a so-called "Affirmative Defense" against Plaintiff, asking the Court to enjoin Plaintiff from receiving the records in question. In the absence of any legal basis for this request, Plaintiff has asked the Court to dismiss the Committee's Affirmative Defense. Pl.'s Mem. of P. & A. in Supp. of Pl.'s Mot. for J. on the Pleadings as to Def.-Intervenor, ECF No. 45 ("Pl.'s Br.").

The Committee responds that, because third parties have intervened as defendants in other FOIA cases, the Committee must be allowed to do the same. Opp'n of the Comm. to Pl.'s Mot. for J. on the Pleadings ("Comm.'s Opp'n"), ECF No. 46, at 6–9 & n.1. But this response ignores the fundamental differences between this case and the cases the Committee relies upon. In each of those cases, the defendant-intervenor entered the case to buttress a position taken by the party defendant in the case. Here, unlike the intervenors in the cases it relies upon, the Committee does not simply seek to reinforce the exemption claims raised by the defendant agencies by providing its own perspective, facts, and argument in support of them.[1] Rather, the Committee is asking this Court to do something entirely different than the defendant agencies are—that is, to overturn an informal administrative determination that the defendant agencies

---

[1] Plaintiff has no objection to the Committee's one brief footnote adopting the defendant agencies' position on the common interest doctrine, *see* Reply Mem. in Supp. of Mot. for Summ. J. of the Comm. and in Opp'n to American Oversight's Cross-Mot. for Summ. J., ECF No. 33, at 16 n.11, although that position is fundamentally infirm, as explained in Plaintiff's Memorandum in Support of its Opposition and Cross-Motion for Summary Judgment, *see* Mem. of P. & A. in Supp. of Pl.'s Cross-Mot. for Summ. J. and in Opp'n to Defs.' and Def.-Intervenor's Mots. for Summ. J., ECF No. 30-1, at 16–20.

have already made that the Contested Records are agency records.

Thus the Committee is not acting as a defendant in this action in form or in substance. In form, the Committee seeks new and additional relief from the Court not sought by either party, based on a new legal argument it has injected into this litigation. In substance, the Committee asks this Court to reverse an administrative determination made by the defendant agencies and to prohibit the agencies from acting on that determination. Although the Committee seeks to couch its actions as a "defense," it asks the Court to take affirmative steps against both of the original parties and issue an order effectively prohibiting the defendant agencies from implementing their administrative decision, as well as binding Plaintiff, with no basis in law, from receiving the records consistent with the agency's determination.

Yet the Committee points to no source of legal authority for the Court to provide the new relief the Committee introduced to the case and now seeks. As discussed in Plaintiff's opening brief, FOIA does not provide that authority. Pl.'s Br. at 7–8. Instead, the Committee's only legally viable option is a "reverse FOIA" claim, challenging the defendant agencies' determination concerning the records under the Administrative Procedure Act ("APA"), subject to the APA's requisite standard of review. *Id.* Rather than taking this recognized route, however, the Committee seeks to ride the defendant agencies' coattails into Plaintiff's FOIA action via Rule 24 intervention while seeking different relief on different legal claims than the defendant agencies. The Committee thereby seeks to create a loophole to circumvent the APA's standard of review, which would otherwise apply. Such an illogical result cannot be the outcome of a Rule 24 intervention.

The Committee's reliance on other FOIA actions in which third-party submitters of records have been allowed to intervene as defendants is misplaced. In conclusory fashion, the

Committee cites a list of such cases, apparently attempting to make up for substance with volume. However, failing to engage in any further analysis of those cases, the Committee ignores that it is in a fundamentally different posture from the intervenors in those actions. In the cases on which the Committee relies, the submitter of the requested records intervened to join in and reinforce the defendant agencies' determinations that the records in question were exempt or not subject to FOIA. In contrast, in this case the Committee challenges the defendant agencies' administrative determination that the Contested Records are subject to FOIA. But submitters with positions adverse to the agencies to which they submitted records must commence reverse FOIA actions against those agencies, as the Committee should have done here. The Committee has not cited a single case where a court has permitted someone who submitted records to an agency to directly challenge that agency's administrative determinations regarding those records in its FOIA administrative process under the guise of entering a FOIA case as a "defendant"-intervenor.

The Committee calls Plaintiff's motion "frivolous," but its own failure to answer Plaintiff's substantive arguments concerning the Court's authority to grant the relief the Committee seeks underscores that Plaintiff's motion is not only *not* frivolous, but in fact correct. To be sure, the Committee rightly points out that Plaintiff cannot "dictate the Committee's litigation strategy," Comm.'s Opp'n at 9, but Plaintiff can—and must—challenge that strategy if it involves a claim that the Court is without jurisdiction to hear, as is the case here. As the Committee does not even have a colorable claim under FOIA to seek the relief it asks for in this case, and as the Committee has pointed to no other legal authority for the Court to issue its proposed relief, this Court has no subject matter jurisdiction over the Committee's claim, and the Committee's Affirmative Defense must be dismissed.

**ARGUMENT**

**I.     The Committee Is Not a Defendant in Form or in Substance.**

Despite the Committee's conclusory statement that it is not a plaintiff, but rather a

defendant appearing in this action solely to assert an affirmative defense against Plaintiff, *see*

Comm.'s Opp'n at 5, saying it does not make it so. However styled, the Committee's

"Affirmative Defense" is effectively a claim for relief from an adverse agency determination,

and must be treated as such. *See* Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a

defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat

the pleading as though it were correctly designated, and may impose terms for doing so.").[2]

Permitting the Committee to remain a defendant against Plaintiff would allow the Committee to

seek relief that this Court has no power to provide under FOIA. Regardless of the Committee's

interest in this action for standing purposes,[3] justice requires that its "Affirmative Defense"

against Plaintiff be treated as what it truly is—a claim against the defendant agencies. As the

Committee has failed to assert a proper claim, as to the proper defendants, over which the Court

has jurisdiction, it must be dismissed.

It is beyond cavil that a submitter of records to a federal agency cannot challenge an

agency determination regarding those records in the context of a FOIA action. As discussed in

Plaintiff's brief, it is crystal clear under controlling Supreme Court case law that FOIA does not

---

[2] *Cf. Med. Assur. Co. v. Martinez*, No. 06-1248, 2008 WL 2227345, at *4 (N.D. Ohio May 6, 2008), *report and recommendation adopted*, No. 06-1248, 2008 WL 2227340 (N.D. Ohio May 27, 2008) (referencing Rule 8(c)(2) in holding that "it makes no difference here that the intervenors have chosen to proceed by counterclaims" when analyzing propriety of claims).

[3] Plaintiff does not necessarily dispute the Committee's legal interest and standing in this action as a general matter—but just disputes that the Court has jurisdiction over the Committee's effort to seek relief *vis-à-vis Plaintiff* (and disputes that the Committee has stated a claim upon which relief can be granted), as there exists no legal authority for the Court to grant the relief the Committee seeks. *See* Pl.'s Br. at 7–8.

provide a cause of action to prevent disclosure of material to FOIA requesters. *See* Pl.'s Br.

at 7–8; *Chrysler Corp. v. Brown*, 441 U.S. 281, 292 (1979). Instead, a submitter seeking to

prevent the agency from disclosing records has no choice but to challenge the agency's

determination in a "reverse FOIA" action commenced pursuant to the APA. *See Nat'l Org. for*

*Women, Wash., D.C. Chapter v. Soc. Sec. Admin. of Dep't of Health & Human Servs.*, 736

F.2d 727, 736 n.88 (D.C. Cir. 1984). Such actions are generally confined to the administrative

record and reviewed only for whether the agency action was arbitrary and capricious or an abuse

of discretion. *See id.* at 741; *CNA Fin. Corp. v. Donovan*, 830 F.2d 1132, 1154 (D.C. Cir. 1987).

The Committee seeks to circumvent that standard of review by styling its claim as an

"Affirmative Defense" under the FOIA statute,[4] which permits courts to review agency

determinations *de novo*, at least when challenged by a FOIA plaintiff. But allowing a record

submitter to sidestep the APA's standard of review by intervening in a preexisting FOIA action

would produce the sort of absurd result courts are loath to allow.[5] *See Light v. Wolf*, 816

F.2d 746, 748 (D.C. Cir. 1987) ("The Federal Rules of Civil Procedure, like any statute, must not

be interpreted woodenly when the literal language leads to absurd results . . . .").

---

[4] The Committee calls Plaintiff's description of the Affirmative Defense "a glaring mischaracterization." Comm.'s Opp'n at 8. But it is no mischaracterization to equate the Committee's "defense" that "Plaintiff is not entitled to compel production of Defendant-Intervenor's records," with a request "to enjoin Plaintiff from receiving the Contested Records." *Id.* at 9 (quoting Answer at 7, ECF No. 19-2; Pl.'s Br. at 1).

[5] The Committee argues that, "[b]y definition, an affirmative defense to a cause of action is a legal ground proffered by a defendant that 'will defeat plaintiff's claim if accepted by the court.'" Comm.'s Opp'n at 9 (quoting *Flynn v. 3900 Watson Place, Inc.*, 63 F. Supp. 2d 18, 23–24 (D.D.C. 1999)). But of course an affirmative defense must be legally viable for it to proceed. *See, e.g., Rosenthal & Rosenthal, Inc. v. Greenberg Gallery*, No. 84-6933, 1986 WL 12712, at *1 (S.D.N.Y. Nov. 6, 1986) ("dismiss[ing] affirmative defenses as insufficient in law"). The Committee's "Affirmative Defense" is not legally viable, under any name. *See* Pl.'s Br. at 7–8; *Chrysler*, 441 U.S. at 292; *Nat'l Org. for Women*, 736 F.2d at 736 n.88; *CNA*, 830 F.2d at 1154.

In this case, the defendant agencies made an administrative determination that the Contested Records are agency records subject to FOIA, as evidenced by the fact that they produced the records to Plaintiff. *See* Mem. of P. & A. in Supp. of Defs.' Mot. for Summ. J., ECF No. 25-1, at 12–27 (arguing records in question were properly withheld pursuant to FOIA Exemption 5, implying their status as agency records subject to FOIA); *see also* Bell Decl., ECF No. 25-4 (describing HHS's process of identifying records responsive to the FOIA request); Hitter Decl., ECF No. 25-2 (same for OMB). The Committee, disagreeing that the records are agency records in the first place, intervened in this action to argue that the records are congressional records not subject to FOIA. *See* Answer at 7, ECF No. 19-2; Proposed Order, ECF No. 21-5. This is not a "defense" of the defendant agencies' determinations but rather a challenge to them.

In a bit of attempted sophistry, the Committee argues that it is not truly challenging the agency's determination, and therefore "had no obligation to file a 'reverse FOIA' action because it has not sought to enjoin Defendants from producing documents to Plaintiff," relying on the fact that the defendant agencies have already produced redacted versions of the Contested Records to Plaintiff, and have refused to release the remaining portions based on a claimed confidentiality expectation in the records. *See* Comm.'s Opp'n at 10. Indeed, the Committee claims, "[i]t is only because of Plaintiff's FOIA suit that the potential disclosure of these [purported] congressional records is even at issue . . . ." *Id.*[6]

---

[6] Even this claim is demonstrably false on its face. While Plaintiff's FOIA suit likely affected the timing of the disclosure of the Contested Records to Plaintiff, Plaintiff was legally entitled to their production regardless of whether it engaged in litigation.

This argument is a red herring.[7] To begin with, as a threshold matter, the Committee's position is not unique among those who have submitted documents to federal agencies. Reverse FOIA actions virtually always arise out of a requestor's FOIA request and/or litigation,[8] and so it is unclear why the fact of Plaintiff's suit would render a reverse FOIA action inappropriate. In any event, it is clear that the substance of the Committee's claim is an effort to prohibit the defendant agencies from producing the Contested Records (as the agencies otherwise could have to do, consistent with their administrative determinations that those records are agency records). If the Court rules in Plaintiff's favor on Defendants' improper Exemption 5 redactions, FOIA requires the defendant agencies to lift the redactions and release those portions of the Contested Records that they had previously withheld. The only purpose of the Committee's intervention, of course, is to prevent this potential agency action from happening. If the Court were to agree with the Committee that those records are not subject to FOIA, then the Committee asks the Court, in effect, to not permit the defendant agencies to release the previously redacted portions of the records to Plaintiff, regardless of the Court's ruling on the propriety of those redactions.

Thus there is no credible basis for the Committee to contend that it is not trying to challenge an agency determination.[9] And because the Committee has attempted to disguise its

---

[7] And in fact, the agencies' production of the Contested Records in response to Plaintiff's FOIA request highlights the error in the Committee's position by demonstrating the defendant agencies' determination that the records are agency records.

[8] *See, e.g.*, *Jurewicz v. U.S. Dep't of Agric.*, 741 F.3d 1326, 1330 (D.C. Cir. 2014); *Poet Design & Constr., Inc. v. U.S. Dep't of Energy*, No. 18-00857, 2018 WL 2694453, at *1 (D.D.C. June 5, 2018); *see also infra* Part II (citing cases).

[9] And if the Court were to adopt the Committee's position, it would have significant ramifications for the defendant agencies. If the Contested Records and similar records bearing a footer are deemed congressional records, the defendant agencies would be constrained from using those records for any purpose other than responding to the Committee absent the Committee's consent. Thus the agencies would be precluded from using the records, for instance,

efforts as an "Affirmative Defense" against Plaintiff instead of asserting a reverse FOIA claim against the defendant agencies, as clear precedent dictates it must, the Committee's Affirmative Defense must be dismissed for lack of subject matter jurisdiction and failure to state a claim. *See* Pl.'s Br. at 6–9; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (no subject matter jurisdiction where claim "foreclosed by prior decisions of this Court"); *Chrysler*, 441 U.S. at 292 (no cause of action to enjoin disclosure under FOIA); *Nat'l Org. for Women*, 736 F.2d at 736 & n.88 (same).[10]

## II.     The Committee's Arguments and String Citations Provide No Support for Its Position.

While the Committee purports to provide ample support for its proposition that it should be allowed to participate in this action as a defendant, any close analytical attention to the cases it cites quickly reveals that they are inapposite. The crux of the Committee's argument is that other submitters have been allowed to intervene in other FOIA actions to protect confidentiality interests in the requested records, and so the Committee must be allowed to do the same. *See* Comm.'s Opp'n at 6–9 & n.1. But upon closer inspection, the cases on which the Committee

---

for purposes of internal executive branch deliberations, as they declare they have done here. *See* Skrzycki Decl., ECF No. 25-5; Arbes Decl., ECF No. 25-6; Slemrod Decl., ECF No. 25-3.

[10] The Committee also argues that it need not assert an independent basis for federal subject matter jurisdiction where it has intervened as of right. *See* Comm.'s Opp'n at 11 n.2. But this contention overlooks the jurisdictional relevance of an intervenor seeking different relief or advancing different substantive legal arguments than the original parties, as the Supreme Court recently recognized in the standing context. *See Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1648 (2017) (holding that litigant seeking to intervene of right under Fed. R. Civ. P. 24(a)(2) "must meet the requirements of Article III if the intervenor wishes to pursue relief not requested" by an existing party); *id.* at 1651 ("an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing"). Because the Committee is seeking relief different than that sought by any other party, the Committee cannot exploit Rule 24 and pursue a patently invalid legal argument that has been foreclosed by prior Supreme Court decisions. *See* Pl.'s Br. at 7–8; *Steel Co.*, 523 U.S. at 89; *Chrysler*, 441 U.S. at 292.

relies provide no support for a submitter to intervene under the circumstances of this case.

As an initial matter, the issue raised by Plaintiff here was never presented to the courts in any of the cases cited in the Committee's Opposition, and so they are at best dubious support for the proposition that Plaintiff's position is incorrect, much less frivolous. In not a single case appearing on the laundry list cited by the Committee did a party argue to the court that the intervenor should be dismissed for failure to advance the proper claim against the proper party— that is to say, for failure to challenge the *agency's* determination under the APA. *See, e.g.*, *Paisley v. C.I.A.*, 724 F.2d 201, 202–04 (D.C. Cir. 1984) (addressing only timeliness of motion to intervene); *Physicians Comm. for Responsible Med. v. United States Dep't of Agric.*, No. 13-0483, 2018 WL 2389723, at *4 (D.D.C. May 25, 2018) (noting that parties consented to motion to intervene); *see also* Comm.'s Opp'n at 6–8 & n.1 (citing cases).

And it is no wonder that this issue was not before the court in the cases the Committee cites. Those cases are readily distinguishable by one obvious and analytically significant difference—in none of those cases did the intervenor come into the case to assert a position that was directly adverse to the government's position. Indeed, in those cases, the intervenor sought to *support* the agency's position, not challenge a determination made by the agency concerning the records in question. *See, e.g.*, *Waterkeeper All. v. U.S. Coast Guard*, No. 13-289, 2014 WL 5351410, at *13 (D.D.C. Sept. 29, 2014) ("Intervenor Defendant Taylor Energy agrees with the Coast Guard's exemption decisions and further asserts that records withheld from the first FOIA request—specifically, those that were generated by or for Taylor—also fall within Exemption 4."); *Niagara Mohawk Power Corp. v. U.S. Dep't of Energy*, 169 F.3d 16, 17 (D.C. Cir. 1999) (noting third party submitters had "intervened in support of DOE"); *Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 145 (D.C. Cir. 2006) ("The intervenors' affidavits supported the

FDA's reasons for using Exemptions 4 and 6 to withhold information submitted to it during [drug's] approval."); *Pub. Citizen Health Research Grp. v. Food & Drug Admin.*, No. 99-0177, 2000 WL 34262802, at *1 (D.D.C. Jan. 19, 2000) (drug company permitted to intervene to support agency's Exemption 4 position); *Airline Pilots Ass'n, Int'l v. U.S. Postal Serv.*, No. 03-2384, 2004 WL 5050900, at *1, *3–6 (D.D.C. June 24, 2004) (intervenor supported agency's exemption positions).

In many of the cases referenced in the Committee's brief, the intervention motion was unopposed (*see, e.g.*, *Physicians Comm.*, 2018 WL 2389723, at *4), but even those cases analyzing the merits of the intervention motion demonstrate how fundamentally different those cases are to the present action. For instance, the court in *100Reporters LLC v. U.S. Department of Justice* engaged in a lengthy merits analysis before ultimately granting two third parties' motions to intervene, enabling them to participate in protecting their trade secrets contained in agency records that the defendant agency also sought to withhold. 307 F.R.D. 269, 274–86 (D.D.C. 2014).[11] The court's decision was grounded in part in the conclusion that the agency could assert a stronger Exemption 4 argument with the support of the submitter of the purportedly confidential information, which could provide additional facts and perspective to buttress the agency's Exemption 4 claims. *See id.* at 280–81; *cf. Gov't Accountability Project v. Food & Drug Admin.*, 181 F. Supp. 3d 94, 94–96 (D.D.C. 2015) (permitting intervenor to join FDA in its attempt to prevent disclosure of "a single redacted document").

---

[11] Notably, the court in *100Reporters*, pointing out that "FOIA is a disclosure statute," expressed doubt more than once about the ability of a private party to oppose voluntary disclosure by the agency or assert government confidentiality interests not espoused by the defendant agency. *See id.* at 278 n.1, 286 n.11. As discussed in more detail in Plaintiff's opening brief and *supra*, Part I, Supreme Court precedent makes clear that a third party in fact has but one means of challenging agency determinations arising under FOIA: an action against the agency under the APA.

In contrast to each of these cases, where the intervenors sought to *support* the defendant agencies' determinations that the records in question were exempt or not subject to FOIA, here, the Committee is actually asking the Court to *reverse* an administrative determination and find that the agency determination was incorrect as a matter of law.[12] Consequently, this action is materially different from the cases cited by the Committee in its Opposition. Rather, this action is more closely analogous to numerous cases where the submitter of information properly asserted a reverse FOIA action to challenge the agency's determination under the APA. *See, e.g.*, *Poet Design & Constr.*, 2018 WL 2694453, at *1 ("reverse-FOIA" action where plaintiff brought action to prevent DOE from releasing records under FOIA that it contended contained "confidential commercial and/or trade secret information that is exempt from disclosure under FOIA's Exemption 4"); *AAR Airlift Grp., Inc. v. U.S. Transp. Command*, 161 F. Supp. 3d 37, 41–42 (D.D.C. 2015); *Chiquita Brands Int'l Inc. v. S.E.C.*, 805 F.3d 289, 293–94 (D.C. Cir. 2015); *Honeywell Tech. Sols., Inc. v. Dep't of the Air Force*, 779 F. Supp. 2d 14, 19–20 (D.D.C. 2011); *Jurewicz*, 741 F.3d at 1329; *Nat'l Bus. Aviation Ass'n, Inc. v. Fed. Aviation Admin.*, 686 F. Supp. 2d 80, 83–84 (D.D.C. 2010); *ERG Transit Sys. (USA), Inc. v. Wash. Metro. Area Transit Auth.*, 593 F. Supp. 2d 249, 252 (D.D.C. 2009); *Can. Commercial Corp. v. Dep't of the Air Force*, 514 F.3d 37, 39 (D.C. Cir. 2008); *GS New Mkts. Fund, L.L.C. v. U.S. Dep't of the Treasury, Cmty. Dev. Fin. Insts. Fund*, 407 F. Supp. 2d 21, 24 (D.D.C. 2005); *Occidental Petroleum Corp. v. Sec. & Exch. Comm'n*, 873 F.2d 325, 328 (D.C. Cir. 1989); *AT & T Info.*

---

[12] The Committee would have the Court believe that Plaintiff's position challenging the Committee's right to assert its "Affirmative Defense" in this action "reduces to the absurd proposition that no third party could ever intervene as a defendant," Comm.'s Opp'n at 8, but that claim misses this clear distinction between situations where a litigant intervenes to support a defendant agency's determinations under FOIA (a routine circumstance Plaintiff is not contesting), and instances in which a litigant intervenes to challenge an adverse agency decision, where a reverse FOIA action is necessary to overturn that agency determination.

*Sys., Inc. v. Gen. Servs. Admin.*, 810 F.2d 1233, 1235–36 (D.C. Cir. 1987); *CNA*, 830 F.2d at 1133; *Ivanhoe Citrus Ass'n v. Handley*, 612 F. Supp. 1560, 1561 (D.D.C. 1985).

The contrast between the cases cited by the Committee (where the intervenor sought to support an agency's determinations regarding the submitted records) and the reverse FOIA actions listed above (in which the plaintiff challenged an agency determination concerning the records in question) demonstrates why the Committee cannot properly intervene in this action as a defendant simply because submitters have intervened in other FOIA actions under decidedly different circumstances. Though the Committee may have an interest in the substance of this action, it seeks relief that is outside the Court's jurisdiction to grant, pursuant to a legally insufficient claim. This the Committee cannot do.

The Committee's Opposition is also telling because of its complete failure to address the substantive questions raised by Plaintiff's motion. The Committee points to no legal authority authorizing the Court to issue the relief the Committee seeks, or to bind Plaintiff as the Committee's proposed order attempts. The Opposition does not explain why, when FOIA only provides courts authority to order disclosure, the Court may nonetheless prohibit disclosure here in an action that solely rests on FOIA. Nowhere does the Opposition meaningfully address the fact of the defendant agencies' adverse administrative determination, or why it would be appropriate for the Court to reverse that agency decision in the absence of any cause of action against the agencies. The Opposition provides no explanation for why it would be coherent to require those who submit records to federal agencies to meet APA standards to protect their claimed confidentiality interests in some cases when faced with adverse administrative determinations by the agencies, but to let similarly situated submitters fortuitously avoid those same standards in others, or why the Committee's claim should be viewed as analytically distinct

12

from other litigants seeking to protect documents submitted to an agency from the consequences of the agencies' adverse determination. The Committee provides no answers to these questions, because it cannot. Because it has no grounding in law, the Committee's purported Affirmative Defense should be dismissed.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff American Oversight respectfully requests that the Committee's Affirmative Defense be dismissed for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim.

Dated: July 30, 2018                                         Respectfully submitted,

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367
Austin R. Evers
D.C. Bar No. 1006999
John E. Bies
D.C. Bar No. 483730
Katherine M. Anthony
MA Bar No. 685150*
(admitted *pro hac vice*)
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5245
sara.creighton@americanoversight.org
austin.evers@americanoversight.org
john.bies@americanoversight.org
katherine.anthony@americanoversight.org

*Member of the MA bar only; practicing in the District of Columbia under the supervision of members of the D.C. Bar while application for D.C. Bar membership is pending

*Counsel for Plaintiff*

13

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2018, I electronically filed a copy of the foregoing Reply in Support of Plaintiff's Motion for Judgment on the Pleadings. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

_/s/ Sara Kaiser Creighton_
Sara Kaiser Creighton